**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01124

TRUSTEE CLERK ABBIE HART

Defendant;

---

ROBERT JOSEPH BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01242

MARY ANN KENDRECK, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01320

LISA R. FRYE, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01321

WARDEN DAVID BALLARD,

Defendant;

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01322

JESSICA MILLER, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01323

BE MORE, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01324

ABBIE HART, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01325

CO DAVID TONY, et al.

Defendants;

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01331

VALORIE ADKINS, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:10-cv-01353

MATAINENTE, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:11-cv-00030

COUNSELOR JOEY ELLIOTT, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:11-cv-00031

CO BRADE, et al.

Defendants;

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:11-cv-00147

NILE COOPER, et al.

Defendants;

---

ROBERT BLAKE,

Plaintiff,

v. CIVIL ACTION NO. 2:11-cv-00136

KEEFE COMMISSARY,

Defendant.

---

**MEMORANDUM OPINION AND ORDER**

By standing order entered August 1, 2006, and filed in the above-styled cases, these actions were referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings recommendations (PF&Rs). Magistrate Judge Stanley entered a single PF&R on April 26, 2011, recommending that this Court dismiss all of the above-styled cases for failure to pay the filing fee within thirty days as instructed by the magistrate judge. For the reasons contained in this opinion and order, the Court **ADOPTS** the PF&R in each of the above-styled cases; **DISMISSES** all complaints in the cases; and **DISMISSES** the cases from the docket.

*I. BACKGROUND*

Robert Blake is a prisoner at Mount Olive Correctional Complex and the plaintiff in twenty-three civil cases filed in this district since late 2009. In each of his twenty-three cases, his

allegations are similar: his universal remote is broken; his property in Wetzel County, West Virginia, was sold without his authorization; the prison is removing money from his accounts; he is charged for items he does not receive; his knee hurts; he was killed multiple times in multiple ways by several of the defendants; he was castrated by a nurse; a snake was loosed in his cell; a counselor mashed up his hand; he does not receive his legal mail.

     As detailed by the magistrate judge, seven of Mr. Blake's cases have already been dismissed. Most important among these cases are *Blake v. Miller*, No. 2:10-cv-00031, dismissed as legally frivolous on March 3, 2011; *Blake v. Allen*, No. 2:10-cv-01089, dismissed for failure to state a claim on November 3, 2010, by Chief Judge Joseph R. Goodwin; and *Blake v. Ballard*, No. 2:10-cv-1152, dismissed as legally frivolous on October 28, 2010, by Chief Judge Goodwin.  Together, these three dismissals amount to "three strikes" under the Prison Litigation Reform Act of 1995 (PLRA).  The sanction for accruing three such dismissals is the loss of the right to proceed without prepayment of fees and costs.  *See* 28 U.S.C. § 1915(g) (denying IFP status for prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed . . . [as] frivolous, malicious, or fail[ing] to state a claim . . . .").  The sole exception to the three strikes sanction is for prisoners facing "imminent danger of serious physical injury." *See id.* Magistrate Judge Stanley concluded that Mr. Blake accrued three strikes under the PLRA and failed to state any facts indicating that he is under imminent danger of serious physical injury.  Accordingly, on March 8, 2011,[1] Judge Stanley denied Mr. Blake's applications to proceed without prepayment of fees and costs in all of his pending cases, and she instructed Mr. Blake to pay the fees and costs in full within thirty days or face dismissal.  On April 26, 2011, over two weeks after the

---

[1]  IFP was denied on March 9, 2011, in *Blake v. Cooper*, No. 2:11-cv-00147.

expiration of the thirty-day payment period, Judge Stanley entered a PF&R recommending that the Court adopt the findings in her March 8, 2011, order and dismiss the above-styled cases with prejudice for failure to pay the appropriate fees and costs. Objections to Magistrate Judge Stanley's PF&R were due on May 13, 2011.

On April 29, 2011, the Clerk of Court for the Southern District of West Virginia received a letter from Robert Blake, dated April 27 and requesting voluntary dismissal of all cases in which Judge Stanley denied Mr. Blake IFP status. This request includes all of the above-styled cases. On May 10, 2011, the Clerk of Court received another letter from Robert Blake, dated May 8, 2011.[2] Mr. Blake's May 8 letter requested that several cases remain open[3] despite his April 27 letter, and asked the Clerk to put a lien on unnamed property in Wetzel County, West Virginia, to pay the filing fees in his cases. Also on May 10, 2011, the Clerk of Court received a third letter from Robert Blake, dated May 5, 2011. This third letter is a near duplicate of the May 8 letter, requesting that the same cases remain open[4] and again requesting the Clerk to put a lien on Blake's undescribed Wetzel County property.

---

[2] Mr. Blake inexplicably refers to himself as "Jesse L. Blake" in this letter.

[3] Of the cases involved in this opinion and order, Mr. Blake requested that the following remain open: *Blake v. Kendrick*, No. 2:10-cv-01242; *Blake v. Frye*, No. 2:10-cv-01320; *Blake v. Ballard*, No. 2:10-cv-01321; *Blake v. Miller*, No. 2:10-cv-01322; *Blake v. Hart*, No. 2:10-cv-01324; *Blake v. Tony*, No. 2:10-cv-01325; *Blake v. Matainente*, No. 2:10-cv-01353; *Blake v. Brade*, 2:11-cv-00031; *Blake v. Keefe Commissary*, No. 2:11-cv-00136; *Blake v. Cooper*, No. 2:11-cv-00147. In addition, Mr. Blake requested that *Blake v. Stanley*, No. 2:11-cv-00137, and *Blake v. Mt. Olive*, No. 2:11-cv-00221, remain open.

[4] *Blake v. Matainente*, No. 2:10-cv-01353, was named in the May 8 letter but not the May 5 letter. All other cases named in the May 8 letter were also named in the May 5 letter.

*II. DISCUSSION*

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orphiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in these cases were due on May 13, 2011. Before that time elapsed, Robert Blake filed three letters with the Clerk, one requesting voluntary dismissal of the above-styled cases and two seeking to maintain the cases and "put a[n] appeal in on" them. All three letters followed the magistrate judge's PF&R, and to the extent they have legal import in these cases, the letters must be considered objections to the PF&R. Lodging timely and coherent objections to the PF&R has the effect of a mandatory appeal before the district court. In addition, as the district court has, as of now, made no dispositive or appealable rulings in this case, no appeal to the Fourth Circuit may yet be taken. As objections to the PF&R, Mr. Blake's letters fail to direct the Court to any error in the magistrate judge's findings. Nonetheless, this Court undertook an independent review of Mr. Blake's cases, and it has concluded that the magistrate judge made no error. Robert Blake has accrued three strikes under the PLRA, and he has not stated any facts to indicate he is in imminent

danger of serious physical injury. Therefore, he is ineligible for IFP status in his remaining civil actions and all future cases and appeals.

Mr. Blake is advised that, although he claims to have property of sufficient value to cover the filing fees in his cases, he cannot simply request that the Clerk of Court place a lien on the property. Even if Mr. Blake had described the property with any detail, this Court is not a bank and its role is not to barter land for outstanding filing fees. In addition, if Mr. Blake wishes to appeal this order, he is directed to the Federal Rules of Appellate Procedure, and particularly Rules 3, 4, and 5. Mr. Blake is further instructed that his letters of April 27, May 5, and May 8 will not be considered timely-filed notices of appeal in any of the above-styled cases, and additional action is required of him if he intends to appeal this order.

*III. CONCLUSION*

For the reasons set forth more fully above, the Court **ADOPTS** the PF&R; **DISMISSES** the complaints in the listed cases; and **DISMISSES** the above-styled cases from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 3, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE